UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:20-CV-468 JD |

## AMENDED OPINION AND ORDER

The Plaintiff, Kelly Jones, has moved through counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (DE 35.) The Court previously remanded this social security appeal to the Commissioner for further proceedings on Ms. Jones' claim for benefits. (DE 29). The Court also previously awarded attorneys' fees under the Equal Access to Justice Act in the amount of $9,473.11. (DE 33.) On remand, the Commissioner made a fully favorable decision on Ms. Jones' claim, including an award of past due benefits totaling $59,169.00. (DE 35-1 at 2.) According to the fee agreement executed with counsel, Ms. Jones agreed to pay her counsel 25% of all past-due benefits to represent her before the United States District Court. (DE 35-2.) Pursuant to this agreement, his counsel now seeks an award of $5,319.14 from past due benefits. Also pursuant to this agreement, Ms. Jones' counsel will retain the $9,473.11 EAJA fee award in partial satisfaction of the 406(b) award. This will result in total compensation to counsel of $14,792.25. For the reasons stated herein the motion will be granted.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C.

§ 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Commissioner has indicated she takes no position on the proposed fee award. (DE 37.) The Court independently finds that this award is reasonable and that it reflects an hourly rate of $322.97 per hour, for 45.8 hours of attorney work, which is within the range of other awards approved by this Court. *See e.g. Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (collecting cases) (approving an award of $1,711.96 per attorney hour).

Accordingly, the Court GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (DE 35) and AWARDS attorney fees under 42 U.S.C. § 406(b) in the gross amount of $5,319.14. Counsel shall be permitted to retain their prior award of $9,473.11 in EAJA fees. This results in net compensation to counsel in the amount of $14,792.25. The Commissioner is ordered to disperse to Plaintiff's counsel of

record, the sum of $5,319.14 from the amount withheld from Plaintiff's past-due benefits in satisfaction of the gross §406(b) fee award, and any remaining amount withheld from Plaintiff's past-due benefits shall be dispersed to Plaintiff, all in accordance with agency policy after payment of any fee that may be due pursuant to the Social Security Act, 42 U.S.C. § 406(a).

    SO ORDERED.

    ENTERED: November 30, 2023

    /s/ JON E. DEGUILIO
Judge
United States District Court